IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2007

Charles R. Fulbruge III
Clerk

No. 07-20400
Summary Calendar

_____

In The Matter Of: CONRAD MARK HENCE

                                        Debtor

_____

INDIAN CAVE PARK PARTNERSHIP

                                        Appellant

v.

CONRAD MARK HENCE

                                        Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-98

_____

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The district court affirmed the bankruptcy court's confirmation of a Chapter 13 repayment plan by Debtor Conrad Mark Hence. Creditor Indian Cave Park Partnership appeals from the denial of its objection to confirmation,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaining that the repayment plan does not include interest on prepetition mortgage arrearages and that the cure is not effected within a reasonable time. We affirm for essentially the same reasons as stated in the thorough opinions of the bankruptcy court and the district court.

Indian Cave is the mortgagee on Debtor Hence's homestead. In June 2004 Hence executed a promissory note and a deed of trust in connection with the mortgage. The note provides for an annual interest rate of 5.509% and a maturity date of July 1, 2019. It also provides for an 18% "annual interest rate on matured, unpaid amounts." The note requires Hence to pay principal and interest in equal monthly installments beginning in August 2004 and ending in July 2019. If Hence defaults on payment of the note Indian Cave may declare any unpaid amounts, including the principal balance, immediately due.

Hence filed a voluntary Chapter 13 petition in June 2006, at which time he was approximately $5,000 in arrears on his mortgage. Hence's repayment plan proposed to cure the arrearage by making monthly payments to Indian Cave during months 15 through 57 of the plan. The bankruptcy court overruled Indian Cave's objections to the plan, and the district court affirmed the bankruptcy court's confirmation of the plan.

On appeal in this court, Indian Cave reiterates its objections that Hence's repayment plan fails to provide interest payments and will not be completed within a reasonable time. We review the decisions of a bankruptcy court by applying the same standard as the district court. In re Plunk, 481 F.3d 302, 305 (5th Cir. 2007). "Findings of fact are reviewed for clear error, while conclusions of law are considered de novo." Id.

Indian Cave asserts that the district court improperly required it to prove the amount of its claim with respect to interest payments; that state law provides for interest on unpaid installment payments; and that the promissory note and deed of trust require such payments. Where, as here, a proposed plan

provides for cure of a default "the amount necessary to cure the default[ ] shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e). Thus, "the only interest that need be paid is that which is permitted by both the contract and applicable nonbankruptcy law." 8 Collier on Bankruptcy ¶ 1322.09[4][b] at 1322-40 (Alan N. Resnick et al. eds., 15th ed. rev. 2007).

Like the bankruptcy court and the district court, we are not convinced that Hence's promissory note and deed of trust require interest-on-interest payments as part of the cure. In addition to providing an 18% interest rate on "matured, unpaid amounts," the note provides that "[a]ll unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts." In the case of a default, the note permits Indian Cave to "declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due." The maturity date is specified as July 1, 2019. The note may be read to require interest payments on unpaid amounts owed, including defaulted installment payments, only after the maturity date unless Indian Cave accelerates that date, which it did not do in this case.[1]

Indian Cave also argues that the deed of trust required Hence to pay interest on certain unmet obligations and to also pay its attorneys' fees and interest on those fees. The deed of trust states, "If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts." As noted by the district court, there

---

[1] Indian Cave argues that the bankruptcy court erred in finding the underlying mortgage agreement ambiguous in the absence of a specific pleading of ambiguity. Indian Cave did not raise this argument in the district court, and it is therefore not considered. See In re Bouchie, 324 F.3d 780, 782 n.6 (5th Cir. 2003).

is no evidence that Indian Cave performed any of Hence's obligations as described in the deed of trust. Although the promissory note also provides for payment of attorney's fees, the note specifically requires that Indian Cave must demand such expenses and interest and that the amounts become part of the debt evidenced by the note. Based on the language of the note and deed of trust, we conclude that the bankruptcy court did not err in its determination as to payment of interest on the arrearage.

Indian Cave further contends that the bankruptcy court erroneously confirmed Hence's plan because repayment of the arrearage beginning in month 15 and extending to month 57 is unreasonable. It argues that a reasonable time for repayment must begin in the first month of the plan and that rather than consider and balance its interests as a creditor with those of the debtor, the bankruptcy court simply equated Hence's best effort at repayment with reasonableness.

Under 11 U.S.C. § 1322(b)(5), a Chapter 13 plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." The bankruptcy court and the district court noted that "a reasonable time" is not definitively addressed in the Bankruptcy Code, the legislative history, or the case law, but that the bankruptcy court exercises its discretion to make this determination on a case-by-case basis. See also 8 Collier on Bankruptcy ¶ 1322.09[5] at 1322-41 (noting that courts have held that what is reasonable "depends upon all of the facts and circumstances of the case, including the amount the debtor can afford to pay and the term of the obligation"). The bankruptcy court determined that under the proposed repayment plan Hence was devoting nearly all of his disposable monthly income to curing the arrearage beginning in month 15 of the plan. The court also noted cases where courts had

approved cure periods ranging from six months to the full 60-month plan period. See *In re Tudor*, 342 B.R. 540, 564 n.12 (Bankr. S.D. Ohio 2005) (citing such range of cases); *see also Grubbs v. Houston First Am. Sav. Assoc.*, 730 F.2d 236, 237 (5th Cir. 1984) (noting that debtor could, with court approval, cure past due amounts secured by home mortgage during the entire term of the Chapter 13 plan). We conclude that the bankruptcy court carefully considered all the circumstances of the instant case and did not abuse its discretion.

AFFIRMED.